UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, et al.,

                                                                                                 No. 20 CV 07119-LTS

                         Petitioners,

           -against-

1ST CHOICE CONSTRUCTION LLC,

                         Respondent.
-------------------------------------------------------x

## MEMORANDUM ORDER

        Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Restraining, Educational and Industry Fund; the Trustees of the New York City District Council of Carpenters Relief and Charity Fund; the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"); and the New York City District Council of Carpenters (the "Union") (together with the Funds, the "Petitioners") request that the Court confirm an arbitration award obtained against 1st Choice Construction ("Respondent") pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185. Petitioners also seek post-judgment interest and an award of the attorneys' fees and costs associated with this Petition. The Court has jurisdiction of this matter pursuant to 29 U.S.C. section 185 and 28 U.S.C. section 1331. For the reasons set forth below, the Petition is granted.

## BACKGROUND

        Because Respondent has failed to appear in this action or respond to the Petition, the facts relevant to the Court's decision are undisputed.

In or about 2017, Respondent agreed to be bound to the Build it Back Outer Borough Residential Market Recovery Project Labor Agreements ("PLAs") in which it became bound to various collective bargaining agreements, including the Union's Independent Building Construction Agreement.  (See docket entry no. 1 ("Petition") ¶¶ 9-10; see id. Ex. D ("CBA").)  Under the PLAs and the CBA, Respondent was required to "remit contributions to the Funds when it performed work under the PLAs that was within the trade and geographical jurisdiction of the Union."  (Petition ¶ 12; id. Ex. B, Article 11 § 2; id. Ex. C, Article 11 § 2; CBA Article XV § 1.)  Respondent was also required to make its books and records available to the Funds when requested to allow for an "audit to ensure compliance" with its obligations to make the required benefit fund contributions under the CBA.  (Petition ¶ 13; CBA Article XV § 1.)  Petitioners exercised their authority to perform an audit of Respondent's books and records for the period March 20, 2017, through July 27, 2018, which revealed delinquencies in principal payments to the Funds in the amount of $27,316.18.  (Petition ¶¶ 19-20.)

In response, Petitioners initiated arbitration proceedings.  (Petition ¶ 21.)  On June 17, 2020, the arbitrator found that Respondent owed $45,395.70 in delinquent principal payments, interest, liquidated damages, promotion fund contributions, as well as fees and costs, and ordered Respondent to pay the amount owed "forthwith" with "interest to accrue at the annual rate of 6.75%" from the date of the award.  (Petition Ex. H ("Award"); see also Petition ¶¶ 23-24.)  Petitioners submit that Respondent has "failed to pay any portion of the Award."  (Petition ¶ 25.)

Petitioners filed the instant Petition to confirm the Award, requesting that the Court enter judgment in the amount of $45,395.70 plus interest on that amount to accrue at the annual rate of 6.75% from the date of the Award through the date of entry of judgment, along

with post-judgment interest and an award of attorneys' fees and costs associated with this Petition.

## DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions to confirm labor arbitration awards." Trs. of the New York City Dist. Council of Carpenters Pension Fund v. Empire Masonry, LLC, No. 19-CV-1233-VEC, 2019 WL 11270457, at *1 (S.D.N.Y. June 5, 2019) (citation omitted). A court's review of an arbitration award under the LMRA is "very limited." Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n., 820 F.3d 527, 536 (2d Cir. 2016). The Court is "not authorized to review the arbitrator's decision on the merits," but rather must "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." Id. (explaining "[i]t is the arbitrator's construction of the contract and assessment of the facts that are dispositive"); see also Trs. of the New York City Dist. Council of Carpenters Pension Fund v. Furniture Bus. Sols., LLC, No. 20-CV-02867-GHW, 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) ("[A]n arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (citation omitted)). Thus, confirmation of an award under section 301 of the LMRA is normally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Empire Masonry, 2019 WL 11270457, at *1 (citation omitted).

Because Respondent has failed to appear in this action and respond to this Petition, the Court regards the Petition as an unopposed motion for summary judgment. Trs. of

the New York City Dist. Council of Carpenters Pension Fund, et al. v Jessica Rose Enters. Corp., No. 15-CV-9040-RA, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016). Thus, although Respondent has chosen "the perilous path of failing to submit a response" to the Petition, the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

Confirmation of the Arbitration Award

The Court finds that summary judgment is appropriate based on Petitioners' submissions in this action. First, Petitioners have proffered undisputed evidence that arbitration was appropriate in this case. Article XV, section 7 of the CBA set forth an arbitration clause allowing any contractual party to seek arbitration of a dispute "arising from payments to the Fund of principal and/or interest which is allegedly due." Thus, the parties' dispute concerning the Respondent's alleged failure to remit contributions to the Funds, see Petition ¶ 20, was "plainly within the scope of the CBA's arbitration provision." Jessica Rose Enters., 2016 WL 6952345, at *3. Second, there is no issue of fact as to whether the arbitrator acted within the scope of his authority. The CBA stipulated that, in the context of a dispute stemming from "payments to the Fund . . . allegedly due," the "arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages." (CBA Article XV § 7.) In the arbitration award, which Petitioners have proffered, the arbitrator referenced the obligations of Respondent under the CBA to "make certain payments to Fringe Benefit Trust Funds on behalf of all its

carpenter employees" and to allow Petitioners "to conduct an audit . . . to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds." (Award at 2.) Third, the amount Respondent owes is not disputed. The Award reveals that the arbitrator based his finding that Respondent is "delinquent in Fringe Benefit monies due under its written agreement" on undisputed "testimony of the auditor employed by the Petitioners" to conduct the audit of the period from March 20, 2017, through July 27, 2018, and on the "Summary Report of the audit" which was "received in evidence." (Award at 2); see Furniture Bus. Sols., 2020 WL 6525466, at *3 (confirming arbitration award where record indicated arbitrator "based his award on undisputed evidence that the Petitioners conducted an audit in accordance with the terms of the CBA and that Respondent failed to remit payments to the Funds . . . as required by the contract terms"). No evidence has been proffered suggesting that the amount the arbitrator found Respondent to owe is incorrect or that the auditor's methods were inaccurate. See Jessica Rose Enters., 2016 WL 6952345, at *3 (granting unopposed petition to confirm arbitration award after determining "the amount Respondent owes is . . . not disputed" based on evidence received by the arbitrator). Thus, the Court confirms the arbitration award at issue in this action and will direct the entry of judgment in favor of Petitioner in the amount of the deficiency found by the arbitrator, $45,396.70, plus pre-judgment interest accruing on that amount at the annual rate of 6.75% from the date of the Award through the date judgment is entered. Id. at *4 (granting Petitioners' request for pre-judgment interest in accordance with the "common practice among courts within the Second Circuit" (quoting Herrenknecht Corp. v. Best Rd. Boring, No. 06-CV-5106-JFK, 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007))).

Post-judgment Interest

The Court also grants Petitioners' request for an award of post-judgment interest. Under 28 U.S.C. section 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . . from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week proceeding." An award of post-judgment interest is "mandatory and appl[ies] to actions to confirm arbitration awards." Empire Masonry, 2019 WL 11270457, at *3 (citation omitted). Thus, the Court will order the award of post-judgment interest at the statutory rate from the date on which judgment is entered until the date payment is made.

Attorneys' Fees and Costs

Petitioners also request an award of the attorneys' fees and costs associated with the petition to confirm the arbitration award. In support of their request, Petitioners submitted an invoice indicating that 1.90 hours of work were expended by Ms. Marimon, a 2014 graduate of Fordham University School of Law and a partner at the firm serving as counsel for Petitioners, see Petition ¶¶ 31, 34, in connection with the petition to confirm the arbitration award and billed at the rate of $350 per hour.[1] (Id.; see id., Ex. I.)

---

[1] Petitioners represent that the work performed by legal assistants on this matter was billed at the rate of $120 per hour, see Petition ¶ 32, but no billing entries reflect any effort expended by legal assistants, nor does the total amount of attorneys' fees sought reflect any fees other than those billed in connection with the efforts expended by Ms. Marimon. Thus, the Court assumes that Petitioners are not seeking the reimbursement of any fees associated with work done by legal assistants on this matter.

Although "attorneys' fees and costs are generally not recoverable from an opposing party, courts have used their inherent powers to award them in successful petitions to confirm arbitration awards 'when a challenger refuses to abide by an arbitrator's decision without justification.'" Empire Masonry, 2019 WL 11270457, at *2 (quoting Trs. of the New York City Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc., No. 1:16-CV-6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016)).  To determine a reasonable fee award, district courts employ "the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." Furniture Bus. Sols., 2020 WL 6525466, at *3 (citation omitted).

The Court finds Petitioners' request for $665 in attorneys' fees to be reasonable.  Respondent has failed to appear in this action, failed to file a response to Petitioners' request to confirm the arbitration award, and has proffered no justification for its noncompliance with the arbitration award.  The Court also finds that the number of hours (1.9) counsel spent on preparing and filing this petition is reasonable, see Empire Masonry, 2019 WL 11270457, at *3 (finding "three hours [to be] a reasonable amount of time necessary to assemble the petition to confirm"), and the rate of $350 per hour for Ms. Marimon's efforts to be reasonable considering Ms. Marimon's seniority and her experience "handl[ing] the prosecution of, and serv[ing] as lead counsel on, numerous ERISA collection actions." (Petition ¶ 31); see also Furniture Bus. Sols., 2020 WL 6525466, at *5 (finding $350 per hour to be a reasonable rate for Ms. Marimon in action seeking confirmation of an arbitration award under the LMRA based on her extensive experience); see also Watkins v. Smith, No. 12-CV-4635-DLC, 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases.").  Petitioners' request for $75 in service fees incurred in connection with this action, see Petition ¶ 35, is also granted.

See e.g., Jessica Rose Enters., 2016 WL 6952345, at *3 (awarding $70 in service fees as "standard costs paid in actions brought in this Court"); Furniture Bus. Sols., 2020 WL 6525466, at *3 (awarding $76.90 in court costs "resulting from serving Respondent with the petition to confirm the arbitration award and the Court's . . . order" and noting "[c]ourts in this district routinely permit the recovery of such costs" (citation omitted)).

## CONCLUSION

For the reasons discussed above, Petitioners' petition to confirm the arbitration award is granted. The Clerk of Court is respectfully directed to enter judgment in the total amount of $50,081.40 ($45,395.70 arbitration award plus $3,945.70 pre-judgment interest thereon at the annual rate of 6.75% from June 17, 2020, through the date of this Memorandum Order, plus $665 in attorneys' fees, and $75 in costs arising out of the petition). Post-judgment interest will accrue in accordance with 28 U.S.C. section 1961. This resolves docket entry no. 1. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
September 30, 2021

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge